NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALAN D. WHITE,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No:  2D14-2276
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____)

Opinion filed February 4, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Alan D. White, pro se.


WALLACE, Judge.

        Alan D. White filed a letter with the postconviction court contending that
his written judgment does not accurately reflect one of the crimes to which he entered a
plea of no contest.  Mr. White pleaded no contest to two offenses.  One of these
offenses was "fleeing and eluding (high speed)," a violation of section 316.1935(3)(a),
Florida Statutes (2013).  The judgment and sentence characterize this offense as
"aggravated fleeing and eluding," which is a violation of section 316.1935(4)(a), a
different offense.

The postconviction court treated Mr. White's letter as a motion filed under Florida Rule of Criminal Procedure 3.800(b) and denied the motion. A motion to correct any sentencing error may be filed under rule 3.800(b)(1) during the time allowed for the filing of a notice of appeal, or, under rule 3.800(b)(2), while an appeal is pending. When Mr. White filed his letter, the time for filing an appeal had expired. It follows that Mr. White's judgment and sentence were final; thus rule 3.800(b) was inapplicable. In addition, the trial court could not treat the letter as a motion for postconviction relief under rule 3.850[1] because the letter did not conform to the requirements of rule 3.850(c). The postconviction court should have treated Mr. White's letter as a motion to correct an illegal sentence under rule 3.800(a).

We affirm the order denying Mr. White's motion because his letter did not establish that his sentences were illegal. Our affirmance of the postconviction court's order is without prejudice to Mr. White's right to raise the issue of the inaccuracy of the judgment's description of the crime to which he pleaded no contest in a timely motion filed in accordance with rule 3.850.

Affirmed without prejudice.


ALTENBERND and NORTHCUTT, JJ., Concur.

---

[1]A defendant may file a motion challenging a judgment under rule 3.850 within two years after the judgment and sentence become final. Fla. R. Crim. P. 3.850(b).